CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

APR 17 2008

JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| MELVIN LENWOOD JORDAN,<br>    **Plaintiffs,** | ) | **Civil Action No. 7:08cv00281** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| JACK LEE, <u>et al.</u>, | ) | **By: Hon. Jackson L. Kiser** |
|     **Defendants.** | ) | **Senior United States District Judge** |

Melvin Lenwood Jordan, a Virginia inmate or pre-trial detainee[1] proceeding <u>pro se</u>, filed this civil rights action under 42 U.S.C. § 1983. Plaintiff requests unspecified damages. Having reviewed the complaint, the court concludes that plaintiff has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).[2]

As noted, plaintiff is presently incarcerated in the Middle River Regional Jail ("MRRJ") in Staunton, Virginia. Construing liberally the complaint and the documents submitted in support thereof,[3] plaintiff alleges that he is on an institutionally approved, medically prescribed, low-sodium

---

[1] It is unclear whether plaintiff is an inmate or a pre-trial detainee; however, it is clear that he is presently held in custody at the Middle River Regional Jail facility in Staunton, Virginia, and that he raises complaints regarding the food he receives in that facility.

[2] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

[3] Plaintiff's complaint consists of a two-page, handwritten "Statement of Claim," stating generally his dissatisfaction with the food at MRRJ and his difficulty dealing with the grievance procedures at MRRJ. He also has submitted a statement in which he purports to verify that he has exhausted all available administrative remedies as required by 42 U.S.C. § 1997e(a); in support of that statement, he submits 19 pages of grievance documentation. Although district courts have a duty to construe pro se pleadings liberally, a pro se plaintiff must nevertheless allege facts that state a cause of action. <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985) (adding that the duty to construe pro se complaints liberally "does not require [district] courts to conjure up questions never squarely presented to them," and that "[d]istrict judges are not mind readers"). The court is not obliged to ferret through the complaint, searching for viable claims. <u>See</u> <u>Holsey v. Collins</u>, 90 F.R.D. 122 (D. Md. 1981) (although pro se complaint contained potentially viable claims, court properly dismissed without prejudice under Fed. R. Civ. P. 8 since voluminous, repetitive, and conclusory complaint is not a "short and plain statement" of facts and legal claims; court specifically observed that dismissal under Rule 8 was proper because such a complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their
(continued...)

diet, but that he instead receives trays that feature weight-loss menu items, trays without desserts, and foods that he feels are not appropriate for his diet because they are, in his opinion, too salty, too spicy, too bland, or of insufficient portions. His grievance documentation indicates that he has complained several times of having gone without food at a mealtime because he gave away his tray, which allegedly bore unsuitable foodstuffs, and could not obtain another one; the grievance documentation indicates that the appropriate measure would have been for plaintiff to return the unsuitable tray to the kitchen staff and trade it for an appropriate tray, which the grievance documentation further suggests plaintiff has done on occasion. Plaintiff also complains that the filing of grievances is discouraged at MRRJ, where plaintiff lives in the "honor pod."

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). A complaint fails to state a claim upon which relief can be granted when no relief is available under any set of facts that could be proved consistent with the allegations of the complaint. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); see also Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S. Ct. 1955, 1965 (2007) (while the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"; the Court specifically

---

[3](...continued)
defenses might be," and "imposes a similar burden on the court to sort out the facts now hidden in a mass of charges, arguments, generalizations and rumors"); see also Spencer v. Hedges, 838 F.2d 1210 (Table) (4th Cir. 1988). In the context of Fed. R. Civ. P. 8, it is clear that plaintiffs must provide enough detail to illuminate the nature of the claim and allow defendants to respond. See Erickson v. Pardus, 551 U.S. ___, slip op. at 5 (2007); Twombly, 127 S. Ct. at 1973, n. 14 ("[o]n certain subjects understood to raise a high risk of abusive litigation, a plaintiff must state factual allegations with greater particularity than Rule 8 requires").

explained, id., slip op. at 1973-74, that the Twombly analysis does not run counter to Swierkiewicz or impose a heightened pleading standard; the Court further noted, id. at 1973, n. 14, that "[o]n certain subjects understood to raise a high risk of abusive litigation, a plaintiff must state factual allegations with greater particularity than Rule 8 requires"); Teachers' Retirement System of La. v. Hunter, 477 F.3d 162, 170 (4th Cir. 2007) (citing Swierkiewicz, 534 U.S. at 514, and stating that "a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations"). When dismissing a complaint for failure to state a claim upon which relief may be granted, courts may consider exhibits attached to the complaint, and where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991)); see also Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir. 1995).

     The Eighth Amendment to the United States Constitution protects inmates from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). However, inmates are not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement. Id. at 347. In order to state a claim of constitutional significance, a prisoner must satisfy both an objective and subjective component. See Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). To satisfy the objective component, a prisoner is required to demonstrate an "extreme" deprivation. Id. Specifically, "the prisoner 'must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions,' or demonstrate a substantial risk of such harm resulting from the prisoner's unwilling exposure to the challenged conditions."

3

Id. (quoting Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993)). Additionally, to satisfy the subjective component, the prisoner must allege facts which show that prison officials acted with "deliberate indifference." Strickler, 989 F.2d at 1379. Deliberate indifference "requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm." De'lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Applying these principles to plaintiff's allegations, the court concludes that he has failed to state a claim under the Eighth Amendment. Plaintiff complains of no injury whatsoever. There is no indication that the complained-of actions have resulted in any injury, much less a serious or significant injury. Nor does he present any facts indicating an "extreme" deprivation or a "substantial risk" that he will suffer any serious or significant injury from eating low-sodium menu items that happen to overlap with the weight-loss menu, from occasionally going without dessert (plaintiff underscores that he cannot eat chocolate on the low-sodium diet), or from having to comply with MRRJ procedures when it comes to exchanging foods that he feels are not appropriate for his diet because he deems them too salty, too spicy, too bland, or of insufficient portions. Because his allegations fail to meet the Strickler requirement to show injury, the court will dismiss plaintiff's claims related to his dissatisfaction with the low-sodium menu at MRRJ. See Strickler, 989 F.2d at 1380-1381; see also Alexander v. Tippah County, Miss., 351 F.3d 626, 631 (5th Cir. 2003) (stating that any injury incurred from vomiting and nausea which was not so severe as to require medical intervention or have lasting health effects, was de minimis); Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999) (holding that an inmate failed to state a claim under the Eighth Amendment, since his complaints of breathing problems, chest pain, dizziness, sinus problems,

4

headaches, and fatigue were "objectively speaking, relatively minor"); Oliver v. Deen, 77 F.3d 156, 158-159 (7th Cir. 1996) (holding that an inmate failed to demonstrate a serious medical need for purposes of the Eighth Amendment, where the inmate alleged that exposure to environmental tobacco smoke was causing nausea, wheezing, shortness of breath, and dizziness); Shrader v. White, 761 F.2d 975, 986 (4th Cir. 1985) (holding that the risk of harm by fire or smoke did not constitute cruel and unusual punishment) (citation omitted); Martin v. Arpaio, 2006 U.S. Dist. LEXIS 83330, at *10 (D. Ariz. Nov. 14, 2006) (holding that an inmate's allegation of cramping, diarrhea, and vomiting appeared to be de minimis); Hutchinson v. Civitella, 2003 U.S. Dist. LEXIS 15417, at *14-16 (S.D. N.Y. Sept. 4, 2003) (holding that none of the inmate's individual ailments were sufficiently serious for purposes of the Eighth Amendment where the inmate alleged that he was suffering from chest pain, nausea, the "inability to 'keep food down'"; rapid weight loss; and dizziness).

The court has noted that plaintiff may be or may have been a pre-trial detainee at some time during his confinement at MRRJ. The claims of a state pre-trial detainee should be evaluated under the Due Process Clause of the Fourteenth Amendment instead of the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535-538 (1979). However, as a practical matter, the contours of the Due Process Clause in the prison context tend to be coextensive with the substantive constitutional principles applied via the Eighth Amendment to convicted inmates. Riley v. Dorton, 115 F.3d 1159, 1166-67 (4th Cir. 1997) (excessive force); Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992) (medical needs). Conditions of confinement cannot be considered punishment so long as they are rationally connected to a legitimate, non-punitive penological purpose and are not excessive in relation to that purpose. Bell, 441 U.S. at 535-538. Accordingly, in evaluating the constitutionality

5

of conditions of confinement for pretrial detainees, the court must determine whether the challenged conditions amount to punishment. Id. In the instant case, plaintiff has not demonstrated that the complained-of conditions amount to punishment because, as the court has already explained, plaintiff has not alleged anything more than speculative injury.

Plaintiff may have intended to raise claims regarding his dissatisfaction with the grievance procedures at MRRJ; however, inmates do not have a constitutionally protected right to a grievance procedure. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). Accordingly, a prison official's failure to comply with the state's grievance procedure is not actionable under § 1983. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Azeez v. De Robertis, 568 F. Supp. 8, 9-11 (N.D.Ill.1982). Under these principles, plaintiff has no actionable claim regarding defendants' responses to his grievances or their administration of the grievance process.

For the reasons stated, the court concludes that plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the court will dismiss his complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.[4, 5]

**ENTER:** This 1Tth day of April, 2008.

Senior United States District Judge

---

[4] To the extent the complaint could be construed to state an actionable claim against the defendants under state law, the court declines to exercise supplemental jurisdiction over such claims, pursuant to 28 U.S.C. § 1367(c).

[5] The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

6